UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHAD DIEDERICH,<br><br>    Plaintiff,<br><br>v.<br><br>JOCELYN BENSON, Secretary of State,<br><br>    Defendant. | Case No. 24-13241<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [10]**

On December 3, 2024, Chad Diederich filed this *pro se* civil rights lawsuit alleging that Michigan Secretary of State Jocelyn Benson violated his Fourteenth Amendment right to due process when she suspended his driving privileges under Michigan Compiled Laws § 257.320(1)(c). Benson moves to dismiss, arguing that Diederich's claims are barred by sovereign immunity or otherwise insufficiently pled. (ECF No. 10.) The Court agrees. Thus, Benson's motion to dismiss is GRANTED.

**I.**

In deciding Benson's motion to dismiss, the Court "construes the complaint in the light most favorable" to Diederich and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City*

*of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Further, a *pro se* litigant's complaint must be construed "liberally." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Williams v. Hall*, No. 21-5540, 2022 U.S. App. LEXIS 21004, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022). Thus, a *pro se* plaintiff like Diederich "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

## II.

In 2020, Secretary of State Jocelyn Benson suspended Chad Diederich's driver's license under Michigan Compiled Laws § 257.320(1)(c). (ECF No. 1, PageID.4.) That statute provides that the Secretary of State, after providing notice, may "conduct an investigation or reexamination of a person" with a driver's license if that person "within a 24-month period, has been involved in 3 accidents resulting in personal injury or damage to the property of a person, and the official police report indicates a moving violation on the part of the driver in each of the accidents." Mich. Comp. Laws § 257.320(1)(c). Diederich says that, pursuant to this statute, "Jocelyn

2

Benson suspended [his] driving privileges." (ECF No. 1, PageID.4.) The facts in Diederich's complaint are incredibly sparse. But, as far as the Court can discern, Diederich alleges that his driver's license was unfairly suspended because he only accumulated two moving violations, not three. (ECF No. 1, PageID.4 ("Only in two of the three alleged moving violations did the police issue me a moving violation.").) For this alleged improper suspension, Diederich seeks $3,500,000 in damages as well as "injunctive relief in that the Michigan law [§ 257.320(1)(c)] is unconstitutional and violates . . . [his] constitutional right to due process." (*Id.* at PageID.5.)

Now before the Court is Benson's motion to dismiss. (ECF No. 10.) She argues that Diederich's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because they are barred by the Eleventh Amendment. (*Id.* at PageID.21.) Alternatively, she says his complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. (*Id.*) The motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f).

### III.

The Court begins, as it must, with Benson's challenge to subject matter jurisdiction on the ground that Diederich's claims are barred by the Eleventh Amendment. *See Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination."). Here, Diederich sued Benson in her official capacity only (ECF No. 1, PageID.2) seeking both monetary damages and injunctive relief (*id.* at PageID.5).

3

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, suing a state official in her official capacity for money damages is "no different from a suit against the State itself." *Id.* at 71. And the Eleventh Amendment generally bars suits against states. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). There are two limited exceptions to this rule: a state may be sued if it has expressly consented to being sued, thus waiving its sovereign immunity, *see, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984), or if Congress has properly abrogated state sovereign immunity, *see, e.g.*, *Fitzpatrick v. Bitker*, 427 U.S. 445, 451–52 (1976). Neither exception applies here. "The state of Michigan . . . has not consented to be sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And Congress did not "overturn the constitutionally guaranteed immunity of the several States" with the passage of § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Accordingly, sovereign immunity bars Diederich's claims against Benson for monetary damages.

It also bars his official-capacity claim for injunctive relief. *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) ("The Eleventh Amendment bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.") (internal quotation omitted). But Diederich argues that "sovereign immunity does not apply when a state official is sued for prospective injunctive relief to stop an ongoing violation of the law." (ECF No. 11, PageID.44.)

4

True enough, "official-capacity actions for prospective [injunctive] relief are not treated as actions against the State." *Will*, 481 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). But while Diederich argues in his response that he seeks prospective relief (ECF No. 11, PageID.43–44), his complaint seeks relief only for past events (ECF No. 1, PageID.4 (indicating the events giving rise to the claim occurred "1/1/2020–PRESENT"; *id*. at PageID.5 (seeking relief for himself and "all parties currently and in the past" who were subject to the allegedly unconstitutional statute)). And a plaintiff cannot use a response brief to cure deficiencies in his complaint. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020). ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." (cleaned up)).

Just as significant, Diederich's complaint fails to allege "what [Benson] did that purportedly violated the constitution let alone what she might do to violate Diederich's rights in the future." (ECF No. 12, PageID.50.) Put differently, while it is clear Diederich believes that his license should not have been suspended, it is entirely unclear why he believes the suspension is a due process violation. There is no allegation that it occurred without notice and an opportunity to be heard. Indeed, Michigan Complied Law § 257.320 does not, on its face, require or mandate license suspension, but rather gives the Secretary of State the ability to investigate and reexamine whether an individual is fit for a driver's license. And if a driver disagrees

5

with the suspension of his license, Michigan law provides for an appeals process including an administrative hearing and review by the state courts. *See* Mich. Comp. Laws §§ 257.322–.323. Diederich does not argue that he was denied access to the appeals process set forth in Michigan law, nor does he provide any factual information regarding the process by which his license was suspended. As Benson puts it, "Diederich's mere allegation that he has been denied due process—an allegation that is itself merely a legal conclusion—fails to state a plausible claim." (ECF No. 12, PageID.52.) The Court agrees. Accordingly, Diederich's claim for injunctive relief must be dismissed.

## IV.

For the above reasons, Defendant's motion to dismiss (ECF No. 10) is GRANTED, and this case is DISMISSED.

SO ORDERED.

Dated: June 27, 2025

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE