UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD R. DIEDERICH,

    Plaintiff,

v.

JOCELYN BENSON, Michigan Secretary of State,

    Defendant.

Case No. 24-13241
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION [15, 17] AND STRIKING PLAINTIFF'S "RESPONSE" TO DEFENDANT'S MOTION TO DISMISS [16, 21] AS MOOT**

---

In 2020, Michigan Secretary of State Jocelyn Benson suspended Chad Diederich's driver's license under Michigan Compiled Laws § 257.320(1)(c). (ECF No. 1, PageID.4.) That statute provides that the Secretary of State, after giving notice, may "conduct an investigation or reexamination of a person" with a driver's license if that person "within a 24-month period, has been involved in 3 accidents resulting in personal injury or damage to the property of a person, and the official police report indicates a moving violation on the part of the driver in each of the accidents." Mich. Comp. Laws § 257.320(1)(c). Further, the Secretary of State may, upon good cause, suspend the license of a person subject to such an examination. *Id.* § 320.257(2).

On December 3, 2024, Diederich filed this lawsuit, alleging that Benson violated his due process rights under the "Fourteenth and Sixth Amendments" by suspending his license pursuant to this law. (ECF No. 1, PageID.3, 4.) Diederich also

1

sought to challenge Michigan Compiled Laws § 320.257(1)(c) facially, contending that the statute itself "is unconstitutional and violates all parties currently and in the past as well as the Plaintiffs [sic] constitutional right to due process." (ECF No. 1, PageID.5.)

On February 1, 2025, Benson filed a motion to dismiss Diederich's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), asserting the suit was barred by sovereign immunity and failed to state a legally viable claim for relief. (ECF No. 10, PageID.21.) Diederich responded that sovereign immunity did not bar his suit "[b]ecause Plaintiff[']s claims seek prospective relief." (ECF No. 11, PageID.43.) Benson, in her reply, reiterated that 1) she was immune from suit in her official capacity and 2) Diederich's complaint did, in fact, seek money damages, and she added that 3) Diederich waived any opposition to her motion under Rule 12(b)(6) as he failed to address those arguments in his response. (ECF No. 12, PageID.48–50.)

The Court agreed with Benson. On June 27, 2025, after full briefing from the parties, the Court granted Benson's motion to dismiss, finding that Diederich's claims were "barred by sovereign immunity or otherwise insufficiently pled." (ECF No. 13, PageID.55.)

Diederich disagrees with the ruling and has submitted numerous filings seeking reconsideration. (ECF Nos. 15, 17.) First, on September 9, 2025, he filed a motion titled "motion for reverse verdict from summary judgement for Defendant for failure to response." (ECF No. 15, PageID.62.) In that motion, Diederich asks the Court to extend his time to file a "response" to the Court's dismissal of his case

2

because he was incarcerated in county jail. (*Id.*)¹ Diederich explained that he drafted a timely "response" to that dismissal, but that his incarceration rendered him "unable to get packages in order to send this court his appeal." (*Id.* (noting that, at the time of filing, Diederich had just received postage "3 days ago").) Attached to this motion, Diederich submitted a report from the Macomb County Sheriff's Office, dated August 31, 2025, confirming that Diederich was incarcerated in county jail from July 18, 2025, and through at least August 31, 2025. (*Id.* at PageID.64.)

Next, on October 1, 2025, Diederich filed a "motion for reconsideration" (ECF No. 17), which appears to be the full "response" to the Court's dismissal that he was unable to timely file due to his incarceration. This response argues that Diederich's claims for injunctive relief ought not to have been dismissed on the basis of sovereign immunity (ECF No. 15, PageID.72), that his complaint should be "read liberally" (*id.* at PageID.73), and that availability of state remedies did "not foreclose" his § 1983 claim (*id.*).

That same day, Diederich also filed a separate "response" to Benson's initial motion to dismiss (ECF No. 16), despite having already filed a response to the motion before it was ruled on (ECF No. 11) and despite the Court having granted Benson's motion several months prior (ECF No. 13). This new "response" argues both that sovereign immunity did not bar Diederich's claims for prospective relief and that he

---

¹ To the extent Diederich was seeking an extension of time to file a proper request for reconsideration, it was probably unnecessary. The Court's judgment was entered on June 27, 2025. (ECF No. 14.) Diederich had 28 days from that date to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)—i.e., until July 25, 2025.

3

"sufficiently alleged a violation of the fourteenth amendment" (ECF No. 16, PageID.68–69.)

Finally, on October 7, 2025, Diederich filed yet another "response" in opposition to Benson's long-resolved motion to dismiss (ECF No. 21.) This filing consolidates the arguments made in his initial, timely response to the motion (ECF No. 11), and his later, untimely "response" filed in October 2025 (ECF No. 16), and adds the request that he be granted leave to amend his complaint if the Court finds it deficient (ECF No. 21, PageID.88).

For the reasons that follow, the Court DENIES Diederich's motions for reconsideration (ECF Nos. 15, 17) and STRIKES his two "responses" (ECF Nos. 16, 21) to Benson's motion to dismiss as MOOT.

I.

To start, Diederich's two "responses" to Benson's motion to dismiss are improper. (ECF Nos. 16, 21.) As stated above, Benson filed her motion to dismiss the complaint nearly eight months ago, in February 2025. (ECF No. 10.) Diederich filed a timely response to that motion (ECF No. 11), and Benson filed a timely reply (ECF No. 13). *See* E.D. Mich LR 7.1(e)(2) (providing that responses to a motion to dismiss filed pursuant to Rule 12(b) "must be filed within 21 days following service of the motion"); *see also id.* ("[I]f filed, a reply brief supporting such a motion must be filed within 14 days after service of the response . . . ."). As such, the motion was fully briefed by February 28, 2025, and the Court, considering all the briefing, granted it (ECF No. 13) and entered a final judgment in this case (ECF No. 14). Accordingly,

4

there is no pending motion to dismiss to which Diederich may "respond," and the instant filings (ECF Nos. 16, 21) are without legal effect.

Moreover, Diederich's "responses" merely restate the same arguments already made in his first response brief (ECF No. 16, PageID.67 (re-stating his argument against sovereign immunity made in ECF No. 11)), or re-argue issues the Court already decided against him (*see* ECF No. 21, PageID.88 (arguing that his complaint sufficiently stated a § 1983 claim, which the Court rejected (ECF No. 13, PageID.59))), and so will not be construed as a motion for new or different relief. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003) ("[A] motion to reconsider [under Fed. R. Civ. P. 59(e)] should not be used to re-litigate issues previously considered.").

Thus, the Court will not consider these duplicative and unnecessary "responses."

## II.

The more appropriate way for Diederich to challenge the Court's ruling on the motion to dismiss is a motion for reconsideration, of which Diederich has filed two. (ECF Nos 15, 17.) Diederich's first filing, docketed as a "Motion for Reconsideration" (ECF No. 15), does not specify a ground for relief, nor does it make any arguments as to *why* the Court's judgment in the instant case ought to be reconsidered. Rather, the motion's sole purpose, it appears, is to explain why Diederich's second, more robust "Motion for Reconsideration" (ECF No. 17) was not yet filed. (*See, e.g., id.* at PageID.62 ("Diederich . . . moves this court, to reverse it[s] June 25, 2025

5

order . . . for the reasons as follows . . . on 7-21-25 the Plaintiff was incarcerated at the Macomb County Jail [and unable to mail his response].").) Indeed, the second "motion for reconsideration" Diederich filed does specify a ground for relief (ECF. No. 17, PageID.72) and does make arguments as to why he believes the judgment was wrong (*see* ECF No. 17). As such, the Court construes the first motion (ECF No. 15) as a request for an extension of time to file the later motion for reconsideration (ECF No. 17).

## A.

Under this District's local rules, parties seeking reconsideration of a final order (like the one granting Benson's motion to dismiss) are limited to two options: a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b). *See* E.D. Mich. LR 7.1(h)(1).

Diederich chose the former. (ECF No. 17, PageID.72). However, because over 90 days have passed between the entry of the judgment in this case (ECF No. 14) and Diederich's motion (ECF No. 17),[2] his request is untimely. Fed. R. Civ. P. 59(e) (requiring Rule 59(e) motions to be filed "no later than 28 days after the entry of the judgment").

The Court understands that due to Diederich's incarceration, he was unable to receive postage until recently and that he asks the Court to excuse his delay in filing. (*See* ECF No. 15.) But district courts, like this one, lack the authority to extend the

---

[2] Even if the Court construed Diederich's first "Motion for Reconsideration" (ECF No. 15) as a request for relief under Rule 59(e), it would still be untimely, as that motion was also filed over 70 days after judgment.

6

time period under Rule 59(e). *See Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (citing Fed. R. Civ. P. 6(b)(2)); *see also Keith v. Bobby*, 618 F.3d 594, 598–99 (6th Cir. 2010) (finding that Rule 6(b)(2) prohibits equitable tolling of the filing deadline in Rule 59(e)).

Moreover, the Sixth Circuit, and district courts herein, routinely enforce Rule 59(e)'s mandatory filing period, including against *pro se* litigants. *See, e.g.*, *Simmons v. City of Detroit*, No. 24-1962, 2025 U.S. App. LEXIS 13949, *4 (6th Cir. June 5, 2025) (affirming denial of *pro se* plaintiff's Rule 59(e) motion for untimeliness, even where plaintiff attributed that delay to her "unlawful incarceration"); *Ross v. Teleperformance USA Inc.*, No. 14-4134, 2015 WL 13933132, at *1 (6th Cir. Dec. 21, 2015) (affirming denial of Rule 59(e) motion as untimely where *pro se* plaintiff filed the motion four days late); *United States v. Singh*, No. 13-20551, 2025 WL 1324138 at *8 (E.D. Mich. May 7, 2025) ("Motions for reconsideration under Rule 59(e) 'must be filed no later than 28 days' from the date of the judgment. . . . And the Rules of Civil Procedure explicitly forbid the Court from extending the deadline for filing motions under Rule 59(e)."). Thus, the Court lacks the power to excuse Diederich's untimely motion under Federal Rule of Civil Procedure 59(e).

### III.

Because Diederich's motion pursuant to Rule 59(e) is untimely, the Court may alternatively construe Diederich's motions for reconsideration as requests for relief under Federal Rule of Civil Procedure 60(b). *See Simmons*, 2025 U.S. App. LEXIS 13949, at *2–3 (construing an untimely Rule 59(e) motion as a Rule 60(b) motion).

7

That rule "provides a mechanism for seeking post-judgment relief—reopening of a case—for a limited set of circumstances." *Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009). "The purpose of a Rule 60(b) motion . . . is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023). So "[a] proper Rule 60(b) motion 'attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [] proceedings.'" *U.S. ex rel. Oakes v. Cinnaire*, Nos. 20-1911, 20-1938, 2020 U.S. App. LEXIS 38037, at *3 (6th Cir. Dec. 4, 2020) (omission in original) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)); *see Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000))); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.").

The party seeking relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.*, 538 F.3d at 454. But Diederich raises no argument that any of the situations outlined in Rule 60(b)(1)–(5) apply here. His first request for relief appears entirely based on the claim that his incarceration prevented him from filing a timely "appeal" of, or "response" to, the Court's order dismissing the case. (ECF No. 15.) And his second "motion" merely re-

8

argues the initial motion to dismiss. (ECF No. 17.) So this leaves only Rule 60(b)(6)'s "catch-all" provision.

Rule 60(b)(6) allows a federal court to relieve a party from a final judgment for "any other reason"—aside from those listed in subsections (1)–(5)—"that justifies relief." *Id.*; *see McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) (explaining that subsections (6) and (1) are "mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable").

And "because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," *McCurry*, 298 F.3d at 595, relief under subsection (6) is limited to "the most unusual and extreme situations," *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018), "where principles of equity *mandate* relief," *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013); *see Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Courts . . . must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))).

Diederich has not pointed to any "extraordinary circumstances" that justify revisiting the final judgment here. The law is clear that Rule 60(b)(6) relief is not a substitute for an appeal and is thus unavailable where a plaintiff "merely raises the same arguments this Court has previously considered and rejected." *Gales v. Charles*, No. 21-328, 2023 WL 3984311, at *3 (S.D. Ohio Apr. 4, 2023) (quoting *Penney v.*

*United States*, Nos. 04-46, 11-35, 2015 WL 13664075, at *3 (E.D. Tenn. Nov. 24, 2015)). And Diederich's motion does just that. (*See* ECF No. 17); *Prows v. City of Oxford*, No. 22-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) ("[Plaintiff] reiterate[s] the issues, cases, and reasoning contained in his previous filings, which the Court already considered in reaching its previous judgment. And he has shown no extraordinary circumstances that justify applying Rule 60(b)(6)." (citation omitted)).

### IV.

For these reasons, therefore, Diederich is not entitled to relief under either Rule 59(e) or Rule 60(b). Accordingly, the Court DENIES Diederich's motions for reconsideration (ECF Nos. 15, 17) and STRIKES as moot Diederich's two "responses" to Benson's original motion to dismiss (ECF Nos. 16, 21). The Court will, however, grant Diederich leave to appeal *in forma pauperis*.

Dated: October 9, 2025

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE